IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2019 FEB -7 PM 3:49
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| STEPHANIE HERNDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 6:19-cv-253-Orl-37KRS |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| THE MILES AGENCY, INC., and | ) |
| DARRAYL MILES, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, STEPHANIE HERNDON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendants, ALLSTATE INSURANCE COMPANY, THE MILES AGENCY, INC. and DARRAYL MILES, Plaintiff states as follows:

**I.   PRELIMINARY STATEMENT**

1.   This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

**II.   JURISDICTION & VENUE**

2.   Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III.   PARTIES**

4.   STEPHANIE HERNDON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Sanford, County of Seminole, State of Florida.

Page **1** of 10

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. ALLSTATE INSURANCE COMPANY, (hereinafter, "Allstate") is a business entity engaged in the insurance industry within the State of Florida. Allstate's principal place of business is located in the State of Illinois. Allstate is incorporated in the State of Florida.

7. At all relevant times Allstate was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. THE MILES AGENCY, INC., (hereinafter, "The Miles Agency") is a business entity engaged in the insurance industry within the State of Florida. The Miles Agency's principal place of business is located in the State of Florida. The Miles Agency is incorporated in the State of Florida.

9. At all relevant times The Miles Agency was a "person" as that term is defined by 15 U.S.C. §1681a(b).

10. DARRAYL MILES, (hereinafter, "Miles" or collectively with Allstate and The Miles Agency, the "Defendants") is an individual who, upon information and belief, was at all relevant times residing in the State of Florida.

11. At all relevant times Miles was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS OF FACT COMMON TO ALL COUNTS

12. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

13. At no time on or prior to September 21, 2018 did Plaintiff have a personal credit account with any of the Defendants.

14. At no time on or prior to September 21, 2018 did Plaintiff owe a debt to any of the Defendants.

15. At no time on or prior to September 21, 2018 did Plaintiff have a personal business relationship with any of the Defendants.

16. Given the facts delineated above, prior to September 21, 2018, none of the Defendants had any information in their possession to suggest that Plaintiff owed a debt to any of them.

17. Given the facts delineated above, prior to September 21, 2018, none of the Defendants had any information in their possession to suggest that Plaintiff was responsible to pay a debt to any of them.

18. On or about March 15, 2017, June 4, 2017, and September 21, 2018, despite being cognizant of the facts as delineated above, Allstate accessed Plaintiff's individual and personal credit file from Trans Union, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

19. As Plaintiff later discovered, these inquiries were initiated by Allstate agent, Darrayl Miles, through his company, The Miles Agency.

20. The Miles Agency, at the time, had a franchise or similar agreement with Allstate to operate as an Allstate agency. Among other things, this agreement enabled The Miles Agency, and Miles, to access credit reports of current and potential Allstate customers on behalf of Allstate from Trans Union.

21. Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

22. Miles is Plaintiff's former boyfriend; their relationship ended in February of 2015.

23. Moreover, Allstate has previously obtained Plaintiff's credit report without a permissible purpose to do so, also at the hands of Miles through The Miles Agency.

24. Prior to October of 2015, Plaintiff contacted Defendant to request additional information regarding two "credit inquiries" appearing on her Trans Union credit report initiated by Allstate. One inquiry was made by Defendant in June of 2013, and the other was made in April of 2014.

25. In October of 2015, Defendant sent Plaintiff two correspondences confirming that on June 11, 2013, Darrayl Miles ("Mr. Miles"), an employee of Defendant, caused Defendant to access Plaintiff's individual and personal credit file. A true and correct copy of these correspondences is attached hereto as **Group Exhibit A**.

26. In the aforesaid correspondences, Defendant confirmed that Mr. Miles had obtained Plaintiff's credit report in June of 2013 without a business purpose, and "was disciplined by the Region in a manner consistent with the incident."

27. Despite his blatant disregard of the requirements of the FCRA and of Plaintiff's right to privacy, Miles was not terminated from employment by Defendant and was not deprived of the ability to obtain Plaintiff's credit report in the future, enabling him to cause Allstate to again obtain Plaintiff's credit report on March 15, 2017, June 4, 2017, and September 21, 2018.

28. At no time on or prior to September 21, 2018 did Plaintiff consent to any of the Defendants accessing her individual and personal credit report .

29. On or about March 15, 2017, June 4, 2017, and September 21, 2018, despite being cognizant of the facts as delineated above, Allstate accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so. The individual agent of Allstate responsible for these inquiries was Miles, through The Miles Agency.

30. On or about March 15, 2017, June 4, 2017, and September 21, 2018, despite being cognizant of the facts as delineated above, Allstate accessed Plaintiff's individual and personal credit report impermissibly. The individual agent of Allstate responsible for these inquiries was Miles, through The Miles Agency.

31. On or about March 15, 2017, June 4, 2017, and September 21, 2018, despite being cognizant of the facts as delineated above, Allstate accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so. The individual agent of Allstate responsible for these inquiries was Miles, through The Miles Agency.

32. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, the Defendants reviewed Plaintiff's private information.

33. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, the Defendants impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

34. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, the Defendants impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

35. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, the Defendants impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

36. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to the Defendants.

37. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of the Defendants viewed Plaintiff's private financial information.

38. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, the Defendants impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and/or telephone numbers.

39. On or about March 15, 2017, June 4, 2017, and September 21, 2018, at the time Allstate accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to the Defendants.

40. Allstate's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to September 21, 2018.

## COUNT I:
## STEPHANIE HERNDON v. ALLSTATE INSURANCE COMPANY

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 of this complaint as though fully set forth herein.

42. Allstate's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

43. At all times pertinent hereto, Allstate was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Allstate.

44. At all times pertinent hereto, the conduct of Allstate, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

45. As a result of Allstate's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from Allstate's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, STEPHANIE HERNDON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against ALLSTATE INSURANCE COMPANY, as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for Allstate's violation of the FCRA.

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II:
## STEPHANIE HERNDON v. THE MILES AGENCY, INC.

46. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 of this complaint as though fully set forth herein.

47. The Miles Agency's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

48. At all times pertinent hereto, The Miles Agency was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of The Miles Agency.

49. At all times pertinent hereto, the conduct of The Miles Agency, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

50. As a result of The Miles Agency's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from The Miles Agency's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, STEPHANIE HERNDON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against THE MILES AGENCY, INC., as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for The Miles Agency's violation of the FCRA.

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT III:
## STEPHANIE HERNDON v. DARRAYL MILES

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 of this complaint as though fully set forth herein.

52. Miles's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

53. At all times pertinent hereto, the conduct of Miles was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

54. As a result of Miles's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from Miles's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff, STEPHANIE HERNDON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against DARRAYL MILES, as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for Miles's violation of the FCRA.

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

55. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**STEPHANIE HERNDON**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: 02/04/2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com

# EXHIBIT A



You're in good hands.

Erin M. Worthington, CFE, FLMI, FLHC
Special Investigations Unit

October 2, 2015

Stephanie Herndon
Orlando, FL 32828

Dear Ms. Herndon:

You recently contacted me to request additional information concerning purported credit inquiries from Allstate reflected on your credit report on June 11, 2013 and April 6, 2014.

As I recently shared with you, we were able to confirm that the June 11, 2013 inquiry was generated by Allstate Agent Darrayl Miles. I understand that someone in the Florida Regional Office may have already confirmed this with you. I further understand they have addressed with situation with Mr. Miles accordingly.

With regard to a purported credit inquiry from Allstate on April 6, 2014, we were able to confirm that Darrayl Miles did *not* generate such an inquiry. We were also able to confirm that it was *not* requested by our underwriters in connection with your life insurance application for Policy 01T2305344 submitted in April 2014. Without any additional information, we are unable to confirm if this credit inquiry occurred and if so, who may have generated it. When we last spoke, you offered to provide a copy of the portion of your credit report which shows this information, but I have not received this additional documentation from you.

Without any further details, we are unable to assist you further. If you have any questions or additional information to provide, please contact me.

Sincerely,

Erin M. Worthington
Special Investigations Unit

Allstate Life Insurance Company
2775 Sanders Road, Suite B2E, Northbrook, IL 60062   (847) 402-4938



**You're in good hands.**

Erin M. Worthington, CFE, FLMI, FLHC
Special Investigations Unit

October 13, 2015

Stephanie Herndon
Orlando, FL 32828

Re:   Credit Inquiry

Dear Ms. Herndon:

Thank you for providing additional documents via email. I believe I responded to your concerns in my previous letter of October 2, 2015; however, I am happy to reiterate certain information for you.

First, please accept my apologies if, at any time, you felt your concerns were not taken seriously by the Regional Office. I can assure you that Allstate and the Regional Office takes your concerns seriously, and we have taken the necessary steps to address them. I understand the Regional Office also responded to the Department of Insurance complaint filed by you.

With regard to the credit inquiry appearing on your credit report in June 2013, we confirmed that Darrayl Miles generated this inquiry, and Miles has admitted to doing so. In the absence of documentation to support that he had a business purpose for the credit inquiry, he was disciplined by the Region in a manner consistent with the incident. The details of any disciplinary action involving our agents is considered confidential.

In your recent email, you indicated you are a victim of Identity theft. Please provide any documentation you may have to support that the credit inquiry made by Darrayl Miles may have resulted in the theft of your identity, and we will investigate further.

Sincerely,

Erin M. Worthington
Special Investigations Unit

Allstate Life Insurance Company
2775 Sanders Road, Suite B2E, Northbrook, IL  60062   (847) 402-4938